FILED
SUPERIOR COURT
OF GUAM

2012 AUG -2 PM 3: 13

CLERK OF COURT
BY: _aA_

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM<br><br>vs.<br><br><br>ANTHONY JOSEPH WRIGHT SANTOS,<br>DOB: 08/04/1992<br><br>Defendant. | ) CRIMINAL CASE NO. CM0030-12<br>)<br>)<br>)<br>) DECISION AND ORDER<br>) (Motion to Dismiss Under <u>People v.</u><br>) <u>Rasauo</u>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 25, 2012, for a hearing on Anthony Joseph Wright Santos' ("Defendant") Motion to Dismiss Under <u>People v. Rasauo</u>. Assistant Public Defender Pablo M. Aglubat represented Defendant. Assistant Attorney General Jesse J.N. Nasis appeared on behalf of the People of Guam ("the People"). The Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

### BACKGROUND

A Complaint was filed in the above-captioned case on January 11, 2012, charging Defendant with (1) Criminal Trespass (As a Petty Misdemeanor). <u>Complaint</u> (January 11, 2012). Defendant was served a summons to appear in Court on February 22, 2012 at 10 a.m. <u>Summons</u> (January 19, 2012). On February 22, 2012, Defendant first appeared without counsel

and was appointed a public defender. In addition, the Magistrate Court set the arraignment hearing to March 14, 2012. Super. Ct. of Guam Minute Entry Log No. 104801 (February 22, 2012). Afterwards, the Defendant was released on a $500 personal recognizance bond. Order of Conditional Release and Appearance Bond (February 22, 2012).

On March 14, 2012, Defendant appeared with counsel and was arraigned. He plead not guilty and requested a bench trial. Defendant also waived his right to a speedy trial pursuant to 8 G.C.A. § 80.60 and the 6th Amendment. Super. Ct. of Guam Minute Entry Log No. 112308 (March 14, 2012) and Def's Assertion or Waiver of Speedy Trial (Filed March 15, 2012). Defendant was present at all Court hearings thereafter.

Defendant submitted a Motion to Dismiss under People v. Rasauo on May 24, 2012. Def's Notice of Motion & Motion to Dismiss under People v. Rasauo (Filed June 6, 2012). In response, the People opposed Defendant's Motion to Dismiss. People's Opposition to Motion to Dismiss (Filed May 25, 2012). The Court heard Defendant's Motion to Dismiss under People v. Rasauo on June 25, 2012, and now issues this Decision.

## DISCUSSION

Defendant argues that the Complaint be dismissed pursuant to People v. Rasauo, 2011 Guam 14. Defendant states that a Complaint was filed against him on January 11, 2012, and that he was not arraigned until March 14, 2012, a total of sixty-three (63) days after the filing of the Complaint. Defendant also cites that the record does not indicate the reason for such delay beyond the sixty day rule created by the decision in People v. Rasauo, 2011 Guam 14. Def's Notice of Motion and Motion to Dismiss Under People v. Rasuao (Filed June 6, 2012).

The People oppose this motion arguing that good cause is shown for the delay in Defendant's arraignment and that Defendant "does not provide any argument as to why he

believes good cause does or does not exist in this case." People's Opposition to Motion to Dismiss at 2 (May 25, 2012).

The Supreme Court of Guam held that "unless good cause is shown, a Complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the Complaint." See People v. Rasauo, 2011 Guam 14 ¶ 14. This Court notes that Rasauo II articulated, "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with law." Rasauo II ¶ 14. The holding in Rasauo II is designed to provide a baseline standard, and not bind the hands of the trial court in cases where deviation from this baseline is judged to be appropriate. Rasauo II ¶ 14.

In the instant case, the time between the filing of the Complaint and Defendant's first appearance on February 22, 2012 amounts to forty-two (42) days and does not violate the 60 day rule announced in Rasauo II. However, the Court must determine if the time between February 22, 2012 and March 14, 2012 constitutes good cause or if this case must be dismissed for the 60 day rule violation. On February 22, 2012, Defendant appeared before the Honorable Alberto E. Tolentino for arraignment. Super. Ct. of Guam Minute Entry Log No. 104801 (February 22, 2012). The arraigning Court noted that Defendant appeared without counsel and continued the arraignment for March 14, 2012. Id. In the meantime, Defendant was appointed Public Defender Services Corporation to serve as his counsel and released him on a $500 personal recognizance bond. Notice of Court Appointment (February 22, 2012).

8 G.C.A. § 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing this with counsel allows a defendant to understand the significance of the arraignment process as well as

the defendant's rights, which are asserted or waived at arraignment. Hamilton v. Alabama, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at the time of arraignment. See e.g. Huston v. Com., 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005).

With the case at bar, there were more than sixty (60) days from complaint to arraignment, thus establishing a basis for dismissal if there is no good cause shown. The additional time given to Defendant to meet counsel to discuss matters of great significance concerning his case was for a reasonable period, which resulted in three days over the 60 day rule for arraignment. Appropriately, the Court finds that there was good cause shown for the slight delay and no violation committed in this case pursuant to the holding in Rasauo II.

For these reasons, the Court DENIES Defendant's Motion to Dismiss Under People v. Rasauo.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Under People v. Rasauo.

**SO ORDERED** this _2_ day of <u>August</u>, 2012.

This matter is set for further proceedings on ___8/27___, 2012 at _10 a.m._

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagatna, Guam

AUG 0 2 2012

Enrique F. Aflague, Jr.
Deputy Clerk, Superior Court of Guam